09-3808-ag
Pan v. Holder

BIA
A078 206 563

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of September, two thousand ten.

PRESENT:
>           ROGER J. MINER,
>           GUIDO CALABRESI,
>           DEBRA ANN LIVINGSTON,
>                 *Circuit Judges.*

_____

Yu Feng Pan,

>           *Petitioner,*

>           v.                                09-3808-ag
>                                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

>           *Respondent.*

_____

FOR PETITIONER:            Theodore N. Cox, New York, NY.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General, Michelle G. Latour,
                           Assistant Director, R. Alexander
                           Goring, Trial Attorney, Office of

Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Feng Pan, a native and citizen of the People's Republic of China, seeks review of an August 17, 2009 order of the BIA denying her motion to reopen her removal proceedings. *In re Pan*, No. A078 206 563 (B.I.A. Aug. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Pan's motion to reopen as untimely and number-barred because she filed it more than six years after the entry of her December 2002 final order of removal, and it was the second motion to reopen that she filed with the BIA. *See id.*; 8 C.F.R. § 1003.2(c)(2).

Although the time and number limitations may be excused

when the movant alleges changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably found that the evidence Pan submitted failed to demonstrate that country conditions in China had changed since her merits hearing, at which she did not appear and was ordered removed *in absentia*.  Indeed, the BIA may deny a motion to reopen if the movant has not introduced previously unavailable, material evidence.  *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  As the BIA found, although the evidence Pan submitted was previously unavailable, it was not *material* because it did not compare the current conditions in China with the conditions that existed for Christians at the time of Pan's hearing.  *See Matter of S-Y-G-*, 24 I. & N. Dec 247, 253 (B.I.A. 2007) (finding that "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] removal orders and remain in the United States long enough to change their personal

3

circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"); *Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"). Thus, substantial evidence supports the BIA's conclusion that Pan failed to establish changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(2); (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Furthermore, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence. *See Wei Guang Wang*, 437 F.3d at 275; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Here, given the BIA's references to the documentation submitted with the motion to reopen, the record demonstrates that the BIA both considered Pan's evidence and made reasonable findings based on the record. *See Wei Guang Wang*, 437 F.3d at 275 (rejecting the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also* Xiao Ji Chen, 471 F.3d at 337 n.17 ("[W]e presume that

4

an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Accordingly, because Pan was required to show changed country conditions in order to obtain reopening of her proceedings, the BIA did not abuse its discretion in denying her motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5